**Chang Shun LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[2] Respondent.**

No. 03–40771.

United States Court of Appeals, Second Circuit.

June 6, 2005.

Joan Xie, New York, NY, for Petitioner–Appellant.

Marianna Jackson–Clay, Assistant United States Attorney, Eastern District of Kentucky (Gregory F. Van Tatenhove, United States Attorney for the Eastern District of Kentucky, on the brief), Lexington, KY, for Respondent–Appellee.

---

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: STRAUB, HALL, Circuit Judges, and KAPLAN, District Judge.[1]

## SUMMARY ORDER

Chang Shun Lin ("Lin"), a native and citizen of the People's Republic of China ("China"), petitions this Court pursuant to section 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b), for review of a September 29, 2003 decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the decision of the Immigration Judge ("IJ") denying Lin's application for asylum and withholding of removal, denying him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), and ordering his removal from the United States. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

Where the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We generally treat an IJ's credibility determination as a factual finding subject to the substantial evidence standard, *id.* at 307, and reverse only where "no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden," *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000). Board precedent supports adverse credibility findings based on "inconsistent statements, contradictory evidence, and inherently improbable testimony." *Qiu v. Ashcroft*, 329 F.3d 140, 152 n. 6 (2d Cir. 2003) (internal quotation marks omitted).

At an airport interview upon his arrival in the country, Lin initially stated that he faced religious persecution because he practiced Falun Gong. When the interviewer questioned him more closely, Lin admitted that he did not practice Falun Gong but claimed that he would be "beaten up" if he returned to China because he lived illegally with his girlfriend. Lin also indicated that his purpose in coming to the country was "to work." In his subsequent asylum application, Lin claimed that he had a well-founded fear of persecution because his mother had been sterilized and because his family had faced discrimination because of his parents' violation of China's family planning laws. In support of this claim, Lin submitted identification documents, a second-hand medical opinion (based on an X-ray allegedly taken of Lin's mother) that Lin's mother's fallopian tubes had been tied, and an affidavit from Lin's mother that she had been forcibly sterilized. Lin also claimed protection under the CAT, on the ground that illegal emigres are regularly jailed, and have reportedly been tortured, upon their return to China.

The IJ found that Lin was not a credible witness, because of certain inconsistencies in his testimony and because he admittedly lied twice in his airport interview. The IJ further found that, even assuming the truth of Lin's testimony with respect to the discrimination he faced growing up, this discrimination had not amounted to persecution. In affirming the IJ's order, the BIA cited, with respect to Lin's CAT claim, the most recent State Department Report on China, which indicated a policy of imprisonment upon a *second,* not a first, repatriation.

Upon review of the record, we find that the IJ's adverse credibility finding was based on substantial evidence. Put differently, a reasonable factfinder could conclude, as did the IJ, that, because Lin lied

---

1. The Honorable Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

twice in the past about his reasons for seeking asylum, his current account was fabricated. With respect to Lin's CAT claim, we note that the State Department's 2004 report continues to report a policy of imprisonment only after the second repatriation. We have considered Lin's remaining arguments on this appeal and find that each of them is without merit.

For the foregoing reasons the petition for review is DENIED.